IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 APR 25  A 9: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| De'Anthony De'Wayne Coleman | ) | |
| Defendant | ) | Case No's:  Fed: CR05-125-T |
| | ) | State: 400121 |
| -Vs- | ) | |
| | ) | 2:07 cv 348 - MHT |
| Federal Middle District Court, Alabama | ) | |
| Respondent | ) | |

### Motion for an Order
### "Nunc Pro Tunc"

Comes now, Pro-Se petitioner, in the above style and numbered cause, and moves this honorable court to review petitioner's originally imposed sentence of (5) five years, that is consecutive with his state sentence of (3) three years and amend said federal and state sentence to run concurrent Nonc Pro Tunc and for the following reasons:

### Jurisdiction

Federal and Alabama Rules of Court, Nunc Pro Tunc, allows this Honorable Court the jurisdiction to amend consecutive sentences and to reorder said sentences to be concurrent; A.R. Cr. P. Rule 26.12(c) Reconsideration. The court may at anytime by a Nunc Pro Tunc order provide that previously imposed consecutive sentences run concurrently; Fed. R. Cr. P. Rule 32(c)(2) and ABA standard for criminal justice, sentencing alternatives and procedures 18-5.1 (2 Ed 1986).

This request by Coleman rises from an apparent misunderstanding at court. The Honorable Myron Thompson asked the court (prosecutor) if Coleman's federal time could be run concurrently with his state time. The prosecutor stated, "No it cannot." The question itself led Coleman to believe that the Judge might take an extra step in his favor or at least go to middle ground in Coleman's favor.

However, upon research by Coleman, it was found that this determination was left to the judge.

U.S. -vs- Labara, 191 F. 30 60 (1st Cir. 1999) Holding: defendant was entitled to ruling by District Court as to whether federal sentence should run concurrently or consecutively to state sentence.

Id. 62, Criminal Law – Key 990.2 Defendant was entitled to ruling by District Court on issue of whether federal sentence should be run concurrently or consecutively to state

sentence; Court could not merely defer to Bureau of Prisons. U.S.S.G. § 5G1.3, 18 U.S.C.A.

After discussion, the [Labara] Court stated, nevertheless, we think it is useful to point out that [Labara] was entitled to a ruling by the District Court. Although at one time the B.O.P. has independently authority to begin a federal sentence before a defendant was released from State prison, U.S.S.G. App. C, Amend. 535, at 371.

The guideline now gives judges specific instructions regarding treatment of a defendant who is federally sentenced while already subject to an undischarged term of imprisonment.

Id. § 5G.1.3 "In certain circumstances, the new sentence must be consecutive; In others, it must be concurrent; and in still others, the district judge may do either, or may make the sentence partly concurrently, as needed to achieve a reasonable punishment." I.d.

Coleman thinks he was entitles to a concurrent sentence. See U.S.S.G. § 5G1.3(b). The prosecutor stated that the sentences could not be run concurrently. §5G1.3(c). However, this determination is still made by the judge.

Assuming that Coleman's suggestion that the Court may be operating under a belief that federal and State time could not be run together, it may well be that Court would run the two concurrent and would be satisfied that the ends of justice would be served with that specific amount of punishment. It is requested by Coleman that the two sentences be run concurrent. This Court would retain jurisdiction and monitor Coleman's progress. If at anytime this court deemed the case worthy of further review or modification; it could be revisit the sentence as needed.

The A.B.A. standards for criminal justice, sentencing alternatives and procedures 18-5.1 (2d. Ed. 1986); and the A. R. Cr. P. are instructive as to this notion wherein Rule 26.8 Principles of Sentencing States:

> "The sentence imposed in each case should call for the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime. In determining the sentence, the court should evaluate the crime and it's consequences, as well as the background and record of the defendant and give serious consideration to the goal of sentencing equality and the need to avoid unwarranted disparities.
>
> Judges should be sensitive to the impact their sentences have on all components of the criminal justice system and should consider alternatives to long-term institutional confinement or incarceration in cases involving offenders whom the court deems to pose no serious danger to society…Prison overcrowding has significantly frustrated the criminal justice system in Alabama as well as most other states. Sentencing judges generally can only speculate as to what their

sentences mean. This uncertainly operated to undermine the credibility of the sentencing process...

For appropriate defendants, Judges are encouraged to fashion sentences utilizing alternatives other than basic probation and long-term institutional confinement..."

Coleman is not proposing to escape punishment. In fact, he is proposing a significant prison term which would, (1) preserve scarce prison bad space for habitual offenders and others from whom society needs protection. (2) Save the State the cost of incarceration, estimated to be approximately 814,600 per year, and the cost of new prison construction.

The sentence would be more reasonable and humane, in light of the fact that Coleman has two young boys—One (3) three years old and one (8) eight years old—to raise as a family.

This sentence also provides ample opportunity for Coleman to participate in prison counseling programs such as the Omnibus Crime Bill program (6 months) he has already finished here at B.C.C.F. addressing his problems. This would still be a substantial prison term recognizing the seriousness of his out of character event (for whatever reason). It would also avoid unnecessary and excessive punishment for a previous non-violent offender who is not likely to recidivate when considering the dumb motivation for committing this offense.

Probation and other alternatives should not turn upon generalization about the type of offenses or the existence of a prior record but should be rooted in the facts and circumstances of each and every case. United States -vs- Jones, 526 F. Supp. 236 (D.C. Jan 1981).

Throughout history, noted scholars and criminologist have analyzed the purposes of sentencing and punishment. As early as 1974, Cesare Beccarria, in his work on Crime and Punishment, exploited the concept of punishment by stating:

"In order for punishment not to be, in ever instance, an act of violence of one of many against a private citizen, it must be essentially public, prompt, necessary, the least possible in given circumstances, dictated by laws."

Beccarria went on to express his doubt about the value of the amount of punishment by stating that deterrence is not guaranteed by the severity of punishment, but rather the certainty and speed with which it is administered.

Coleman's proposed concurrent sentences would certainly comply with the Legislative intent of Public Law 85-714 (August 23, 1958) as codified in U.S.C. § 3651 (Now repealed giving way to the federal sentencing guidelines), wherein it was believed that many offenders simply needed a small taste of prison life and then a prompt return to the community so that they could continue on with a productive and law-abiding life.

Essentially, it was believed that a short period of confinement followed by probation has a salutary effect upon an offender and is conductive to rehabilitation. After all, the idea and purpose of the split-sentence was to enable a judge to impose short sentences followed by probation. United States -vs- Cohen, 617 F. 2d 56 (4th Cir. 1980).

The proposal Coleman is seeking is for his federal time to be ran concurrent with his state time.

## Community Support

Coleman has strong community ties. He is very well-known for his caring nature towards his two sons, as well as towards the community as a whole. He also shows great remorse for his past actions. The conduct of his offence was both shocking to those that knew him and extremely out of his character. However, the collective opinion of Coleman is positive. He is deeply loved by his family. The consensus of individuals who know Coleman request the Court to give serious consideration to this request. They and Coleman feel society will benefit and justice will be satisfied with the suggested sentence. It is respectfully submitted that Coleman does not have a history of being dangerous or even a menace to the community. The conviction alone will serve as a deterrent. Coleman and his family have already endured significant punishment both emotionally and financially. A period of traditional confinement exceeding that suggested is not necessary in this case to deter Coleman from future incidents or to send the proper message to the community. Therefore, it is the sincere hope of Coleman, his family, and his friends, that the court will strongly consider this proposal and run his time concurrent with his state time.

Respectfully Submitted,

De'Anthony De'Wayne Coleman
AIS # 241742
P.O. Box 5107 BCCF K1-5B
Union Springs, Al 36089

Done this 20th day of April _____, 2007

## Certificate of Service

I hereby certify that I have served a copy of the foregoing motion for an order, Nunc Pro

Tunc, this _20th_ day of _April_____, 2007 to the Clerk of the Federal,

Middle District Court of Alabama. Postage paid to the address as follows:

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery. AL 36101


_De'Anthony D. Coleman_
De'Anthony De'Wayne Coleman

Mr. D. Anthony D. Coleman Sr. 241762
P.O. Box 5184 B.C.C.F. Dorm K-1 Bed 5-B
Marion Springs, Alabama 36089

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE PRISON.
THE CONTENTS HAVE NOT BEEN EVALUATED
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

27BF, CLOSED, MHT-ClerkC, SC

# U.S. District Court
## Alabama Middle District (Montgomery)
### CRIMINAL DOCKET FOR CASE #: 2:05-cr-00125-MHT-DRB-ALL
### Internal Use Only

Case title: USA v. Coleman            Date Filed: 05/25/2005

Assigned to: Honorable Myron H.
Thompson
Referred to: Honorable Delores R. Boyd

**Defendant**

**DeAnthony DeWayne Coleman** (1)      represented by **Federal Defender**
*TERMINATED: 12/16/2005*                           Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: ECFCMALM@fd.org
*LEAD ATTORNEY*
*Designation: Public Defender or*
*Community Defender Appointment*

**Jennifer Anne Hart**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 334-834-0353
Email: jennifer_hart@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Donnie Wayne Bethel**
Federal Defenders
201 Monroe Street
Suite 407
Montgomery, AL 36104
334-834-2099

Fax: 834-0358
Email: don_bethel@fd.org
*ATTORNEY TO BE NOTICED*

| | |
|---|---|
| **Pending Counts** | **Disposition** |
| 18:924(c) FIREARM: DRUG TRAFFICKING OFFENSE -- NMT $250,000 [*]; NMT 5Y MAND CONSEC; B; NMT 3Y SUP REL; G-LNS; VWPA; $100 SA (1) | 60 Mos Imp (cons t/current State Sen: CC 04-1217); 5 Yrs Sup Rel; $100 SA |

**Highest Offense Level (Opening)**

Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |
| None | |

**Highest Offense Level (Terminated)**

None

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Tommie Brown Hardwick** |
| | | U.S. Attorney's Office |
| | | PO Box 197 |
| | | Montgomery, AL 36101-0197 |
| | | 334-223-7280 |
| | | Fax: 334-223-7135 |
| | | Email: tommie.hardwick@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/25/2005 | 1 | INDICTMENT as to DeAnthony DeWayne Coleman (1) count(s) 1. (snc) (Entered: 05/27/2005) |

| 05/25/2005 | 2 | Limits of Punishment as to DeAnthony DeWayne Coleman (snc) (Entered: 05/27/2005) |
|---|---|---|
| 05/27/2005 | 3 | Case unsealed as to DeAnthony DeWayne Coleman pursuant to notice from USM that detainer has been lodged (snc) (Entered: 05/31/2005) |
| 05/31/2005 | 4 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to DeAnthony DeWayne Coleman. (Attachments: # 1)(Hardwick, Tommie) (Entered: 05/31/2005) |
| 06/01/2005 | 5 | ORDER granting 4 Motion for Writ of Habeas Corpus ad prosequendum as to DeAnthony DeWayne Coleman (1), directing the clerk to issue a whcap to Warden, Montgomery County Jail, for defendant's appearance on 7/13/05 at 10:00 a.m. Signed by Judge Delores R. Boyd on 6/1/05. (snc) (Entered: 06/01/2005) |
| 06/01/2005 | 6 | Writ of Habeas Corpus ad Prosequendum Issued as to DeAnthony DeWayne Coleman for July 13, 2005. Arraignment set for 7/13/2005 10:00 AM in Courtroom 4B before Honorable Charles S. Coody. (snc) (Entered: 06/01/2005) |
| 06/01/2005 | | ***Location (LO) start as to DeAnthony DeWayne Coleman (snc) (Entered: 06/01/2005) |
| 07/12/2005 | 10 | Arrest Warrant Returned Executed in case as to DeAnthony DeWayne Coleman. Defendant arrested on 7/12/05. (snc) (Entered: 07/13/2005) |
| 07/13/2005 | 7 | CJA 23 Financial Affidavit by DeAnthony DeWayne Coleman (sql, ) (Entered: 07/13/2005) |
| 07/13/2005 | | ORAL MOTION to Appoint Counsel by DeAnthony DeWayne Coleman. (sql, ) (Entered: 07/13/2005) |
| 07/13/2005 | | ORDER (ORAL)granting [] Oral Motion to Appoint Counsel: Federal Defender for DeAnthony DeWayne Coleman appointed. as to DeAnthony DeWayne Coleman (1). by Judge Susan Russ Walker on 7/13/2005. (sql, ) (Entered: 07/13/2005) |
| 07/13/2005 | 8 | WAIVER of Speedy Trial by DeAnthony DeWayne Coleman (sql, ) (Entered: 07/13/2005) |
| 07/13/2005 | 9 | Minute Entry for proceedings held before Judge Susan Russ Walker :Arraignment as to DeAnthony DeWayne Coleman (1) Count 1 held on 7/13/2005, Initial Appearance as to DeAnthony DeWayne Coleman held on 7/13/2005, Plea entered by DeAnthony DeWayne Coleman (1) Count 1. by DeAnthony DeWayne Coleman Not Guilty on counts 1. (Recording Time FTR: 11:02 - 11:11 am.) (sql, ) (Entered: 07/13/2005) |
| 07/15/2005 | 11 | ORDER ON ARRAIGNMENT as to DeAnthony DeWayne Coleman Pretrial Conference set for 8/8/2005 11:00 AM in Courtroom 4A before Honorable Delores R. Boyd. Jury Trial set for 10/12/2005 before Honorable Myron H. Thompson. Pretrial Motions due by 8/3/2005. Discovery due by 7/20/2005.. Signed by Judge Delores R. Boyd on |

| | | |
|---|---|---|
| | | 7/15/2005. (sql, ) (Entered: 07/15/2005) |
| 07/21/2005 | ⊕12 | NOTICE OF ATTORNEY APPEARANCE: Jennifer Anne Hart appearing for DeAnthony DeWayne Coleman (Hart, Jennifer) (Entered: 07/21/2005) |
| 07/28/2005 | ⊕13 | NOTICE OF ATTORNEY APPEARANCE: Donnie Wayne Bethel appearing for DeAnthony DeWayne Coleman (Bethel, Donnie) (Entered: 07/28/2005) |
| 08/08/2005 | ⊕14 | Minute Entry for proceedings held before Judge Delores R. Boyd :Pretrial Conference as to DeAnthony DeWayne Coleman held on 8/8/2005 (Recording Time FTR: 11:08 - 11:09.) (war ) (Entered: 08/08/2005) |
| 09/28/2005 | ⊕15 | NOTICE OF INTENT TO CHANGE PLEA by DeAnthony DeWayne Coleman (Hart, Jennifer) (Entered: 09/28/2005) |
| 09/28/2005 | ⊕16 | ORDER as to DeAnthony DeWayne Coleman setting Change of Plea Hearing for 10/3/2005 12:00 PM in Courtroom 4A before Honorable Delores R. Boyd, diecting the clerk to provide a court reporter, and directing the USM to produce the defendant, if in custody. Signed by Judge Delores R. Boyd on 9/28/05. (snc) (Entered: 09/28/2005) |
| 10/03/2005 | ⊕17 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to DeAnthony DeWayne Coleman (sql, ) (Entered: 10/04/2005) |
| 10/03/2005 | ⊕18 | Minute Entry for proceedings held before Judge Delores R. Boyd :Change of Plea Hearing as to DeAnthony DeWayne Coleman held on 10/3/2005, Plea entered by DeAnthony DeWayne Coleman (1) Guilty Count 1. (Court Reporter Risa Entrekin.) (sql, ) (Entered: 10/04/2005) |
| 10/18/2005 | ⊕19 | ORDER as to DeAnthony DeWayne Coleman setting Sentencing for 12/19/2005 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson, directing counsel to communicate in writing to the probation officer any objections to the PSR by 11/28/05, and directing parties to be available for a conference with the PO on 11/30/05, as outlined in order. Signed by Judge Myron H. Thompson on 10/18/05. (snc) (Entered: 10/18/2005) |
| 10/20/2005 | ⊕ | Terminate Trial Deadlines and Hearings as to DeAnthony DeWayne Coleman (snc) (Entered: 10/20/2005) |
| 12/01/2005 | ⊕20 | NOTICE OF HEARING as to DeAnthony DeWayne Coleman: SENTENCING HEARING, now set for 12/19/05, reset for 12/15/2005 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. (snc) (Entered: 12/01/2005) |
| 12/09/2005 | | ***Set/Clear Flag ("C") as to DeAnthony DeWayne Coleman (snc) (Entered: 12/12/2005) |
| 12/15/2005 | ⊕21 | Minute Entry for SENTENCING HEARING held before Judge Myron H. Thompson on 12/15/2005 as to DeAnthony DeWayne Coleman. (Court Reporter Mitchell Reisner.) (snc) (Entered: 12/15/2005) |

| 12/16/2005 | ●22 | JUDGMENT as to DeAnthony DeWayne Coleman (1). Count 1: 60 months imprisonment consecutive to the state sentence in Montgomery County Circuit Court Case Number CC 04-1217; 5 Years Supervised Release; $100 Special Assessment . Signed by Judge Myron H. Thompson on 12/16/05. (snc) (Entered: 12/16/2005) |
| 12/16/2005 | | ***Set/Clear Flags as to DeAnthony DeWayne Coleman (snc) (Entered: 12/16/2005) |
| 08/16/2006 | ●23 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to DeAnthony DeWayne Coleman (ag, ) (Entered: 08/16/2006) |

✎AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>        District of        <u>ALABAMA</u>

UNITED STATES OF AMERICA
### v.
DEANTHONY DEWAYNE COLEMAN

## JUDGMENT IN A CRIMINAL CASE

Case Number:        2:05-cr-00125-T

(WO)

USM Number:        11729-002

<u>Jennifer Anne Hart</u>
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   <u>One of the Indictment on October 3, 2005</u>

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18 USC 924(c) | Using/Carrying a Firearm in Relation to a Drug Trafficking Offense | 04/21/2004 | 1 |

    The defendant is sentenced as provided in pages 2 through   <u>6</u>   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)          ☐ is   ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>December 15, 2005</u>
Date of Imposition of Judgment

Signature of Judge

<u>MYRON H. THOMPSON, UNITED STATES DISTRICT JUDGE</u>
Name and Title of Judge

<u>12/16/2005</u>
Date



AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:        DEANTHONY DEWAYNE COLEMAN
CASE NUMBER:    2:05-cr-00125-T

Judgment — Page    2    of    6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

FIVE YEARS. This sentence shall run consecutively to the state sentence in Montgomery County Circuit Court Case Number CC 04-1217 which the defendant is currently serving.

X The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be designated to a facility where he can obtain a General Equivalency Diploma (GED).

X The defendant shall stand committed upon release to federal custody.

☐ The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m. ☐ p.m.    on _____ .

☐    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

| DEFENDANT: | DEANTHONY DEWAYNE COLEMAN | Judgment—Page ___3___ of ___6___ |
| CASE NUMBER: | 2:05-cr-00125-T | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**FIVE YEARS**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3C — Supervised Release

DEFENDANT:       DEANTHONY DEWAYNE COLEMAN
CASE NUMBER:     2:05-cr-00125-T

Judgment—Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in drug testing and treatment.  He shall contribute to the cost of any treatment based on his ability to pay and availability of third party payments.

2.  The defendant shall submit to a search of his person, residence, office, and vehicle pursuant to the search policy of this Court.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:05-cr-00125-MHT-DRB    Document 22    Filed 12/16/2005    Page 5 of 6

| DEFENDANT: | DEANTHONY DEWAYNE COLEMAN | Judgment — Page    5    of    6 |
|---|---|---|
| CASE NUMBER: | 2:05-cr-00125-T | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $    0 | $    0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Case 2:05-cr-00125-MHT-DRB     Document 22     Filed 12/16/2005     Page 6 of 6
Sheet 6 — Schedule of Payments

| DEFENDANT: | DEANTHONY DEWAYNE COLEMAN | Judgment — Page ___6___ of ___6___ |
|---|---|---|
| CASE NUMBER: | 2:05-cr-00125-T | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒  Lump sum payment of $ ___100.00___ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post
    Office Box 711, Montgomery, Alabama 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.