IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEANTHONY DEWAYNE      )
COLEMAN,               )
                       )
        Petitioner,    )
                       )          Civil Action No. 2:07cv348-MHT
    v.                 )                    (WO)
                       )
UNITED STATES OF AMERICA,  )
                       )
        Respondent.    )

**O R D E R**

On April 20, 2007 (Doc. No. 1), the petitioner, DeAnthony DeWayne Coleman ("Coleman"), filed a pleading styled as a "*Motion for an Order 'Nunc Pro Tunc'*" in which he challenges the sentence imposed upon him by this court in 2005 for using and carrying a firearm during and in relation to a drug trafficking crime.[1]

A review of Coleman's motion reveals that his asserted claims attack the legality of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v.*

---

[1]Although Coleman's motion was date-stamped "received" in this court on April 25, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, April 20, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.3d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, the claims Coleman now seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). **Accordingly, the court concludes that Coleman's pleading should be construed as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.***

**In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court hereby advises Coleman of its intention to re-characterize his pleading as a § 2255 motion.** The court **cautions** Coleman that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible

2

to each of the procedural limitations imposed upon § 2255 motions.  Specifically, Coleman is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[2]

It is further

**ORDERED that on or before May 17, 2007**, Coleman shall advise this court whether he seeks to:

1.  Proceed before this court on the claims presented in his April 20, 2007, motion (Doc. No. 1);

2.  Amend this motion to assert any additional claims on which he wishes to challenge the conviction and sentence imposed upon her by this court; or

3.  Dismiss the motion.

Coleman is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on May 17, 2007.

---

[2]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Done this 26th day of April, 2007.


_____/s/Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE